UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------------------x
Yakov Blives, individually and on behalf of all others similarly situated;

        Plaintiff,

-against-

New Penn Financial, LLC
Dba Shellpoint Mortgage Servicing,
and John Does 1-25,

        Defendant(s).
------------------------------------------------------------------------x

Civil Action No:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

# COMPLAINT

Plaintiff Yakov Blives ("Plaintiff"), a Florida resident, brings this Class Action Complaint by and through his attorneys, and as and for his Complaint against Defendant New Penn Financial, LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of Florida, County of Broward, residing at 7201 Peppertree Cir S, Davie, FL, 33314.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 address at for service c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

8. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

9. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

10. The Class consists of:
    a. all individuals with addresses in the State of Florida;

    b. for whom Shellpoint reported a debt to the credit bureaus (defined as but not limited to Trans Union, Experian and Equifax);

    c. that including false payment records;

    d. specifically that caused the debt to be "re-aged" and remain on a credit report for longer than the legally allowable time from charge off (7years);

    e. in which the re-aging of the debt was disputed to a credit bureau and not corrected within two (2) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

11. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

12. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' have been re-aging debt when reporting to credit bureaus, and reporting the debt on longer than allowable by law.

14. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and

neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    f. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    g. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' re-aging of debts, and failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

    h. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    i. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

    Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  j. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

16. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

19. On information and belief, on a date better known to Equifax Information Services ("Equifax"), Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a Shellpoint mortgage debt.

20. Plaintiff notified Equifax with a letter on or around November 15, 2017, that he disputed the accuracy of the information Equifax was reporting, stating that he has not paid this debt since 2008 and it should have been charged off and removed from his credit report years ago, but rather has been re-aged by Shellpoint and is negatively effecting his credit score for years past the allowable reporting period.

21. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Shellpoint failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information, specifically current payments on the consumer report of the Plaintiff with respect to the disputed account.

## FIRST CAUSE OF ACTION
(Willful Violation of the FCRA as to Shellpoint.)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

24. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

25. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

26. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Shellpoint must report the results to other agencies which were supplied such information.

27. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

28. As a result of the conduct, action and inaction of the Defendant Shellpoint, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

29. The conduct, action and inaction of Defendant Shellpoint was willful, rendering Shellpoint liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

30. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Shellpoint in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Yakov Blives, an individual, demands judgment in his favor against Defendant, Shellpoint, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Shellpoint.)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

32. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

33. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

34. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

35. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Shellpoint must report the results to other agencies which were supplied such information.

36. After receiving the Dispute Notice from Equifax, Shellpoint negligently failed to conduct its reinvestigation in good faith.

37. A reasonable investigation would require a furnisher such as Shellpoint to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

38. The conduct, action and inaction of Defendant Shellpoint was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

39. As a result of the conduct, action and inaction of Shellpoint, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Shellpoint in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Yakov Blives, an individual, demands judgment in his favor against Defendant, Shellpoint, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

41. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yakov Blives, individually and on behalf of all others similarly situated, demands judgment from New Penn Financial dba Shellpoint Mortgage Servicing as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 19, 2018

                                                      Respectfully Submitted,
By:   /s/Justin Zeig
**ZEIG LAW FIRM, LLC**
Justin Zeig, Esq.
3595 Sheridan Street, Suite 103
Hollywood, FL 33021
Office: 754-217-3084
Fax:    954-272-7807
justin@zeiglawfirm.com
Florida Bar No. 112306
Attorney for Plaintiff